## ERWIN v. LOWRY.

A married woman's separate estate being liable for a mortgage debt of $534.25, she borrowed $630, secured by a second mortgage, and therewith paid the prior encumbrance, her husband receiving and appropriating to his own use the excess of $95.75. When this second mortgage, with its accumulated interest, amounted to $700, it was paid off with $300 in cash furnished by herself or husband, and $400 raised by her on a mortgage of another portion of her separate estate. *Held,* that the said excess of $95.75 was discharged by the $300 cash payment, and that the last mortgage was binding to its full extent on the separate estate therein described.

Before KERSHAW, J., York, July, 1888.

This was an action by James A. Erwin, as administrator of M. Agnes Lindsay, and L. M. Grist, collateral assignee, against Martha B. Lowry, commenced in March, 1888. The opinion sufficiently states the case.

*Messrs. Hart & Hart,* for appellant.

*Mr. C. E. Spencer,* contra.

July 12, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to foreclose a mortgage of real estate, and the defence was that defendant, being a married woman, had no power to make the contract upon which the action was founded. The facts upon which this controversy

turns do not appear to be disputed, and may be stated briefly, as follows: On the 21st February, 1879, J. T. Lowry, the husband of the defendant, conveyed to her by deed a tract of land known as the Dennis land, which, however, was not recorded until the 1st of September, 1883. In the meantime, J. T. Lowry had mortgaged the land to Marie Moltke, who had no notice of the previous conveyance to his wife, which mortgage was duly recorded on the 6th of April, 1883. At the foot of the deed from Lowry to his wife, and recorded with it, was the following endorsement, signed by defendant: "I consent to the mortgage to Marie Moltke, given on this tract by J. T. Lowry, and hereby acknowledge the same as valid and binding on said land."

On the 26th of March, 1885, the defendant borrowed from M. Agnes Lindsay the sum of $630, giving her note therefor, secured by a mortgage of the same land, for the purpose of paying off the Moltke mortgage, which was then paid and marked satisfied. It appears, however, that the amount borrowed from Mrs. Lindsay exceeded the amount necessary to pay off the Moltke mortgage by the sum of $95.75, which excess was received and used by defendant's husband for his own purposes. On the 10th of May, 1886, with a view to relieve the Dennis land from the lien of the mortgage resting upon it, to secure the note for $630, the husband of defendant applied to the attorney for the estate of Mrs. Lindsay, who had died in the meantime, to take a mortgage on another piece of land known as the "Burnt Lot," and release that on the Dennis land. To this proposition the attorney assented, provided the amount then due on the $630 note, $700.47, should be reduced by payment to the sum of $400. Accordingly, the sum of $300.47 was paid and credited on the $630 note, and a new mortgage taken on the "Burnt Lot," to secure the balance left due—$400—on that note, and the mortgage on the Dennis land was marked satisfied. There was no evidence as to who furnished the $300.47 paid on the note, or where it was obtained from, but it did appear that in all these transactions the defendant was represented by her husband as her agent.

The Circuit Judge rendered judgment in favor of the plaintiffs for the whole amount—$400—and interest, and defendant appeals upon the following ground: "Because his honor erred in holding

that the separate estate of the defendant, a married woman, was liable for the item of $95.75, the excess over the sum necessary to satisfy the mortgage debt existing when the loan of the $630 was made; erred in holding that the $95.75 may and ought to be considered as embraced in the cash payment made on May 10, 1886; and erred in including the said amount in the judgment, and as secured by the mortgage." It will thus be seen that the defendant, while contesting, in the court below, her liability for any portion of the mortgage debt, by her appeal she only raises the question as to her liability for so much of the money borrowed as was in excess of the sum necessary to relieve her land—her separate estate—from a lien upon it.

While it may be quite possible that where a married woman, under the pretext of borrowing money for the purpose of relieving her separate estate from a lien previously fixed upon it, at the same time borrows a sum in excess of the amount necessary for that purpose, with a view to let her husband have the benefit of such excess, and these facts are known to the lender, she could only be made liable for the amount borrowed for the legitimate purpose of discharging such lien; yet, according to the view which we take of the facts of this case, that is not the question before us. In the first place, there is no distinct evidence that the lender of the money here knew that the defendant was borrowing more money than was necessary to satisfy the Moltke mortgage, though, in all fairness, it must be admitted that the probability is that such was the fact. The witness, Wallace, being the agent both of Mrs. Moltke and of Mrs. Lindsay, probably knew that the amount borrowed was more than was necessary to satisfy the Moltke mortgage; but there is not the slightest evidence that he knew that the excess was borrowed for the use of defendant's husband; and certainly none that Mrs. Lindsay knew anything about it. Her agent, Wallace, knew that the main purpose was to borrow money for a purpose for which defendant had a right to contract; and even assuming that he knew she was borrowing more than was necessary for that particular purpose, he might very well assume, in the absence of any evidence to the contrary, that the whole sum borrowed was for a like legitimate purpose.

But be that as it may, it seems to us that the conclusion reached by the Circuit Judge may be sustained on one of the grounds taken by him. He holds that the excess, $95.75, should be considered as embraced in the cash payment of $300.47 ; and if this be so, then clearly the $400, then left due, represented money borrowed by defendant for a legitimate purpose, and there was no error in rendering judgment against her for the whole amount. There being no evidence as to who furnished the money with which the cash payment was made, it certainly would be a fair inference that the husband, who unquestionably was liable for the excess to his wife, at least, if not to the holder of the note, might have paid that much himself. But even assuming that the defendant furnished the whole amount, and assuming that the excess was a debt for which her husband was alone liable, if she saw fit to pay it, that would extinguish that portion of the debt; and the Circuit Judge having found that it was so paid, we do not see how we can say there was any error in such finding. At all events, it is quite certain that the amount which the defendant has been adjudged to pay, is not in excess of the amount for which she was originally clearly liable, and we cannot say that there is any error in such judgment. While, therefore, we are not to be understood as endorsing all of the grounds upon which the Circuit Judge has rested his decision, we cannot say that there is any error in the judgment rendered by him.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCGOWAN concurred and MR. CHIEF JUSTICE SIMPSON concurred in the result.